NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Ben GROSS,

Plaintiff,                                     Civ. No. 13-4152

v.                                             OPINION

Robert CORMACK,

Defendant.

THOMPSON, U.S.D.J.

*Pro se* Plaintiff Ben Gross seeks to bring the above-captioned matter *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. No. 1, Att. 1).  His brief Complaint appears to assert claims of (1) Frauds and Swindles pursuant to 18 U.S.C. § 1341; (2) Attempt and Conspiracy pursuant to 18 U.S.C. § 1349; (3) the Mailing of Threatening Communications, 18 U.S.C. § 876; and (4) false certification of Title Records, 18 U.S.C. § 1021.  (Doc. No. 1, Complaint).  The Court has reviewed the affidavit of indigence and the Complaint.  Although the Court will grant Plaintiff's application to proceed *in forma pauperis*, the Court will dismiss Plaintiff's Complaint without prejudice for failure to comply with the applicable pleading standards.

## BACKGROUND

The factual circumstances underlying the present action involve a title dispute with respect to two properties in Lakewood, New Jersey.  In support of these claims, Plaintiff alleges that he filed a true lien on record to secure his claims against the Lakewood properties.  (*See* Doc. No. 1, ¶ 1; Ex. A).  According to Plaintiff, Defendant Robert Cormack, Esq., attempted, via the United States Postal Service, to coerce Plaintiff to discharge the lien against his will and without due compensation.  (Doc. No. 1, ¶¶ 2, 3).  Plaintiff contends that in the mailed

1

communication, Defendant falsely stated that he is of legal authority to represent the property titleholders, and that Defendant threatened Plaintiff if the lien were not immediately discharged. (Doc. No. 1, ¶¶ 3, 4).  Plaintiff further contends that Defendant has filed fictitious transactions on record to further circumvent Plaintiff's construction lien claims.  (*See* Doc. No. 1, ¶ 5).

In support of the above allegations, Plaintiff attaches several documents as exhibits to his Complaint.  (Doc. No. 1).  Exhibits A and B are letters from Defendant to Plaintiff which, save for the dates included therein, are identical in substance.  (Doc. No. 1).  In the letters, Defendant states that he is the attorney for the Weinsteins, the asserted owners of 213 and 215 Pine Street, Lakewood Township, New Jersey.  (Doc. No. 1).  Defendant informs Plaintiff that his construction lien claims on the aforementioned properties are fraudulent, and that, at any rate, Plaintiff failed to comply with the construction lien law.  (Doc. No. 1).  Defendant goes on to declare that Plaintiff does not have permission to enter the properties, and is required to stay off of them at the risk of being treated and prosecuted as a defiant trespasser.  (Doc. No. 1).  The letter concludes with a deadline by which Plaintiff must demonstrate that he has filed discharges of the construction lien claims with the Ocean County Clerk, or risk prosecution and suit for slander of title, fraud, and other claims.  (Doc. No. 1).

With regards to the remaining exhibits, Exhibit C is a copy of the mortgage prepared by Defendant and made out to the Weinsteins, and Exhibit D is a copy of a foreclosure complaint against the properties, naming the Weinsteins, Plaintiff, and a limited liability company as defendants.

## DISCUSSION

In considering applications to proceed *in forma pauperis*, the Court engages in a two-step analysis.  *Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990).  First, the Court determines

whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a).  *Id.*  Second, the Court

determines whether the Complaint should be dismissed as frivolous or for failure to state a claim

upon which relief may be granted, as required by 28 U.S.C. § 1915(e).  *See id.*

### 1.  Application to Proceed *in forma pauperis*

The filing fee for a civil case in the United States District of New Jersey is $350.00, with

an additional $50 Administrative Fee per the Miscellaneous Fee Schedule.  To avoid paying the

fee, a plaintiff may submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915.  "In making such application, a plaintiff must state the facts concerning his or her poverty

with some degree of particularity, definiteness or certainty."  *Simon v. Mercer Cnty. Comm.*

*College*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex*

*rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).  A litigant need not be

"absolutely destitute" to qualify.  *Mack v. Curran*, 457 F. App'x 141, 144 (3d Cir. 2012) *cert.*

*denied*, 133 S. Ct. 139 (U.S. 2012) (internal quotations omitted).

In his application, Plaintiff states that his gross monthly pay is $200; that his wife

receives $1700; that he has three children relying on him for support ages 17, 4, and 10; that his

total monthly expenses amount to $936 and those of his spouse to $770; that he has two vehicles

worth a combined $1300; and that he has student loans outstanding.  (Doc. No. 1, Att. 1).  Upon

review, the Court believes that Plaintiff has pled his circumstances with sufficient particularity

and has shown sufficient economic disadvantage so as to persuade the Court to grant Plaintiff's

application to proceed *in forma pauperis*.

### 2.  Dismissal under 28 U.S.C. § 1915(e)

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court now

screens the Complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. §

1915(e).  Pursuant to § 1915, the Court shall *sua sponte* dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  In reaching this determination, the Court reviews the Complaint pursuant to the familiar pleading standards as reiterated and clarified in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Court v. Twombly*, 550 U.S. 544 (2007).  Under these well-worn tenants, "[d]ismissal is appropriate where, accepting all well-pleaded allegations . . . as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth 'fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Simon*, 2011 WL 551196 at *1 (quoting *Twombly*, 550 U.S. at 555).  Any asserted claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  As Plaintiff is proceeding *pro se*, the Court must be mindful to construe the complaint liberally in his favor.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

Upon review, the Court finds that Plaintiff's Complaint must be dismissed on the basis that it is so factually spartan as to prevent the Court from determining whether or not Plaintiff's claims are more than mere conclusory allegations, and whether the elements of the claims alleged are satisfied.  The Court notes that the attached exhibits, while supporting certain of Plaintiff's allegations, offer no justification for the conclusion that Defendant acted in a fraudulent manner with respect to either the content of the letters or in executing or producing a copy of the mortgage.  Without more, the Court cannot conclude that the pleadings as presently formulated rise above mere frivolity or maliciousness, or adequately state a claim upon which relief can be granted.  The Court concludes, therefore, that the matter must be dismissed.  As

Plaintiff is proceeding *pro se*, and as a more comprehensive statement may reveal legitimate grounds for relief, the dismissal will be without prejudice such that Plaintiff may file an amended complaint in conformity with pleading requirements.

CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 1, Att. 1), but will *sua sponte* dismiss the Complaint, (Doc. No. 1), without prejudice.  An appropriate Order accompanies this Opinion.

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated: September 26, 2013