UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Ben Gross,

Plaintiff,

v.

Robert Cormack,

Defendant.

Civ. No. 13-4152

OPINION

THOMPSON, U.S.D.J.

*Pro se* Plaintiff Ben Gross seeks to reopen the above captioned matter, following this Court's *sua sponte* dismissal, without prejudice, for failure to provide sufficient information in support of the Complaint. (Doc. Nos. 3, 4). The Court has reviewed the motion and supporting documents. Although Plaintiff provided additional documents, Plaintiff fails to state a claim upon which relief may be granted. For the reasons stated below, the motion to reopen is denied.

## BACKGROUND

The factual circumstances underlying the present action involve a title dispute with respect to two properties in Lakewood, New Jersey. Plaintiff alleges that he filed a true lien to secure his claim against the Lakewood properties and that Defendant Robert Cormack attempted to coerce Plaintiff to discharge the lien through letters sent via United States Postal Service. (Doc. No. 3). Plaintiff contends that Defendant falsely stated that he has the legal authority to represent the property title holders. (Doc. No. 3). Plaintiff also alleges that Defendant threatened Plaintiff if the lien was not immediately discharged. (Doc. No. 3).

Plaintiff's original submissions included letters from Defendant to Plaintiff in which Defendant told Plaintiff that Defendant is the attorney for the transaction at issue, Plaintiff's construction lien claims are fraudulent, and Plaintiff failed to comply with construction lien law.

1

(Doc. No. 3). The letter also stated that Plaintiff must show that he has discharged the construction liens or face prosecution and suit. Plaintiff also submitted a copy of the mortgage prepared by Defendant and made out to the Weinsteins as well as a copy of the foreclosure complaint, which listed the Weinsteins, Plaintiff, and a limited liability corporation as defendants. (Doc. No. 3). The Court dismissed this Complaint because Plaintiff failed to provide sufficient proof to support his allegations.

Plaintiff's new submissions include documents intending to show that Cormack filed transactions to convey properties to two different LLCs and that Aryeh Weinstein was the grantor of these properties. (Doc. No. 3). Plaintiff also includes a copy of the criminal indictment of a relative and business associate of Aryeh Weinstein. (Doc. No. 3).

## DISCUSSION

i.  Legal Standard

The Court originally dismissed the Complaint on the grounds that it did not satisfy 28 U.S.C. § 1915. Pursuant to § 1915, the Court shall *sua sponte* dismiss any claims that are "(1) frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In reaching this determination, the Court reviews the motion and Complaint pursuant to the familiar pleading standards as reiterated and clarified in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Court v. Twombly*, 550 U.S. 544 (2007). Under these well-worn tenants, "[d]ismissal is appropriate where, accepting all well-pleaded allegations . . . as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Simon*, 2011 WL 551196 at *1 (quoting *Twombly*, 550 U.S. at 555). Any asserted claims must also be supported

by "a short and plain statement . . . showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). As Plaintiff is proceeding *pro se*, the Court must be mindful to construe the complaint liberally in his favor. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

ii. Analysis

The Court will first decide whether Plaintiff stated a claim upon which relief may be granted. "[T]he fact that a federal statute has been violated and some person is harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979). Instead, the question of whether a plaintiff has a statutory cause of action is one of statutory construction in which courts must determine whether Congress intended to create a private right of action. *Id.* "Private rights of action generally [are] not inferred from criminal prohibition." *Merrill Lynch, Pierce, Fenner & Smith v. Curran*, 456 U.S. 353, 397 (1982). "Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action." *Chapa v. Adams,* 168 F.3d 1036, 1038 (7th Cir. 1999).

Plaintiff alleges that four violations of law give this Court jurisdiction: Frauds and Swindles, under 18 U.S.C. § 1341; Attempt and Conspiracy, under 18 U.S.C. § 1349; Mailing Threatening Communications, under 18 U.S.C. § 876; and False Certification of Title Records, under 18 U.S.C. § 1021. (Doc. No. 3). However, none of these statutes create a private right of action. All four statutes are criminal statutes, and none of them contain language that explicitly confers a private cause of action. Instead, the language of each statute focuses on the prohibited criminal activity and states the applicable fine or years of imprisonment for any violator; there is

no discussion of any prospective plaintiff. *See Alexander v. Sandoval*, 532 U.S. 275, 289 (2001) ("Statutes that focus on the person to be regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons."). Accordingly, the Court finds that the Complaint fails to satisfy the applicable pleading standards.

CONCLUSION

For the above reasons, Plaintiff's motion to reopen the case is DENIED.

    */s/ Anne E. Thompson*
    ANNE E. THOMPSON, U.S.D.J.

Dated: 12/13/13